UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STEVEN R. ASHCRAFT,      )  | |
|     Plaintiff,    ) | |
|    v.     ) | 2:13-cv-080-JD-PRC |
| CITY OF CROWN POINT, INDIANA,   ) | |
| CROWN POINT POLICE DEPARTMENT,   ) | |
| J. McCOWAN, D. WILKINS,    ) | |
| SGT. MEECE and R. OLSON,    ) | |
|     Defendants.    ) | |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR
MOTION FOR PARTIAL DISMISSAL**

---

Defendants, City of Crown Point, Indiana ("City"), the Crown Point Police Department ("CPPD"), Officer J. McCowan, Officer D. Wilkins, Sgt. Meece, and Officer R. Olson, by counsel, and pursuant to Fed. R. Civ. P. 12 and N.D. Ind. L.R. 7.1, respectfully submit this brief in support of their Motion for Partial Dismissal.

### I.     PLAINTIFF'S ALLEGATIONS

Plaintiff's claims against Defendants arise out of Plaintiff's arrest, which took place during the early evening hours of March 3, 2011, in Crown Point, Indiana.   Plaintiff alleges that his arrest violated his civil rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.   Additionally, Plaintiff alleges a variety of state law claims against Defendants.

Plaintiff essentially makes only one substantive fact based liability averment in his complaint,[1] which is contained in rhetorical paragraph 10:

> That on March 3, 2011, at about 8:30 p.m. at 235 South West Street, Crown Point, Indiana, plaintiff Steven R. Ashcraft was stopped for an alleged traffic violation and that during such stop plaintiff was assaulted by the named defendant police officers of the Crown Point Police Department and caused personal injuries to the plaintiff.

---
[1] The remainder of the liability allegations are theories and formulaic recitation of legal conclusions more fully discussed, infra.

As a result of the aforementioned allegations, Plaintiff brings the following claims against the City, the CPPD, and the individual officers (both their official and individual capacities):

- Plaintiff was unreasonably seized (false arrest and excessive force) in violation of the Fourth and Fourteenth Amendments to the United States Constitution.  See *Complaint*, ¶ 1.

- The named officers acted pursuant to City policy, custom, practice or usage and the City violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution by (1) "negligently" hiring and retaining the individual officers and (2) failing "to properly train" the individual officers "in the proper use of reasonable force."   See *Complaint*, ¶¶ 1, 4, 12, 13.

- Defendants committed state law torts of assault, battery, false arrest, false imprisonment, and intentional infliction of emotional distress.  *Complaint*, ¶ 2.

## II.     STANDARD FOR DISMISSAL

When ruling on a motion to dismiss for failure to state a claim, the court accepts all well-pleaded allegations to be true and all reasonable inferences in the nonmoving party's favor. *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996).  However, the courts are not compelled to accept conclusory allegations concerning the legal effect of facts set out in the complaint.  *Baxter by Baxter v. Vigo County School Corp.*, 26 F.3d 728, 730 (7th Cir.1994).  A complaint must include "enough facts to state a claim to relief that is plausible on its face." *Khorrami v. Rolince*, 539 F.3d 782, 788 (7th Cir. 2008), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).   While detailed factual allegations are not required... the plaintiff must allege facts that, when "accepted as true, state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct.1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.   "Plaintiffs must do more than plead

2

facts that are consistent with Defendants' liability because that only shows the possibility, not the plausibility, of their entitlement to relief."  *Rodriguez v. Cook County Sheriff's Office*, 2009 WL 4673803 *1 (N.D. Ill. 2009).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. In *Iqbal*, the Court further explained the standard for construing the facial validity of a complaint when it reasoned:

> [T]wo working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we *1950 "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id., at 556, 127 S.Ct. 1955.  … [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

*Iqbal*, at 1949-50.  While the court must accept only "well-pleaded, non-conclusory factual allegations," legal conclusions and conclusory statements are not accepted as true.  *Id*. at 1949.  Moreover, unsupported conclusions of fact or mixed fact and law are not admitted.  *Hess v. Petrillo*, 259 F.2d 735 (7th Cir. 1958), *cert. denied*, 359 U.S. 954; *Homan Manufacturing Co. v. Russo*, 233 F.2d 547 (7th Cir. 1956); *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996) (commenting that deferential standard does not obligate a court to "swallow the plaintiff's invective, hook, line,

3

and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.").

## IV.   SUMMARY OF ARGUMENT

As more thoroughly discussed in Section V., Defendants are moving to dismiss the following claims and defendants:

A. All claims (federal and state) made against the CPPD because it is not a suable entity;

B. All federal claims made against all Defendants for the violation of Plaintiff's Fourteenth Amendment rights because the alleged violations all occurred *during* Plaintiff's arrest and prior to a probable cause hearing;

C. All 42 U.S.C. § 1983 "official capacity" claims against the defendant police officers because such claims are redundant; the Plaintiff has already named the City as a Defendant;

D. All federal claims against the City because the necessary basis for municipal liability is absent;

E. State law intentional infliction of emotional distress claim must be dismissed because Defendants are immune under Ind. Code § 34-13-3-3(8); and

F. All state law claims made against the officers, in their individual capacities, must be dismissed because they are immune under Ind. Code § 34-13-3-5(b) and (c).

Therefore, the only claims that should survive this motion to dismiss are (1) the Fourth Amendment claim made against the police officers in their individual capacities pursuant to 42 U.S.C. § 1983, and (2) the state law claims against the City for false arrest/false imprisonment and assault/battery.

## V.   ARGUMENT

### A.   All Claims Against The CPPD Must Be Dismissed Because Municipal Police Departments Are Not Suable Entities Under Federal And State Law.

It is well-established that municipal police departments "are not suable entities." *Sow v. Fortville Police Dept.,* 636 F.3d 293, 300 (7th Cir. 2011).   The Supreme Court has instructed that

4

local government liability under Section 1983 "is dependent on an analysis of state law." *McMillian v. Monroe County,* 520 U.S. 781, 786 (1997).

> Under Indiana law, a [m]unicipal corporation is a unit, ... or other separate local governmental entity that may sue and be sued.  A [u]nit means county, municipality, or township, and a [m]unicipality is a city or town.  **Thus, the Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued.**

*Sow,* 636 F.3d at 300 (*internal citations omitted*) (emphasis added).   Indeed, when a municipal police department is named as a party defendant, dismissal is warranted.  *See Sow, 636 F.3d at 300.*  See Also, *West v. Waymmire*, 114 F.3d 644, 646-67 (7th Cir. 1997); *Pam v. City of Michigan City, Indiana* 2012 WL 4060970 (N.D. Ind.); *Nevinger v. Town of Goodland, Indiana*, 2011 WL 2694662 (N.D. Ind.); *Susanowiz v. Town of Hamilton*, 2011 WL 657777, *3 (N.D. Ind.)   *Martin v. Fort Wayne Police Dep't,* 2010 WL 4876728, at *3 (N.D. Ind.); *Martin v. Teusch*, 2010 WL 1474525, *2 (N.D. Ind.); *Vela v. Indianapolis Police Dept., and City of Indianapolis*, 2008 WL 191977, *4 (S.D. Ind.); Accordingly, Plaintiff's claims against the CPPD must be dismissed as a matter of law.

> **B.    Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted Under the Fourteenth Amendment.**

Plaintiff has asserted that Defendants are liable pursuant to violations of Plaintiff's rights guaranteed by the Fourteenth Amendment for false arrest and excessive force.  *Complaint*, ¶ 1. Because 42 U.S.C. § 1983, standing alone, is not a source of any substantive rights, "[a]nalysis begins by identifying the specific constitutional right allegedly infringed…"  *Graham v. Connor*, 490 U.S. 386, 393 (1989).  The identity of the constitutional right allegedly violated depends upon a plaintiff's status within the criminal justice system at the time of the alleged violation.  *Id.* at 394; See also, *Pashova v. Geist*, 2012 WL 1074072 (N.D. Ind. 2012).  The Seventh Circuit has held that the Fourth Amendment governs the time period between when the arrest was made and

5

the determination of probable cause. *Lopez v. City of Chicago*, 464 F.3d 711, 718 (7th Cir. 2006); *Payne v. Churchich*, 161 F.3d 1030, 1040 n. 10 (7th Cir. 1998); *Armstrong v. Squadrito*, 152 F.3d 564, 569 (7th Cir. 1998); *Villanova v. Abrams*, 972 F.2d 792, 797 (7th Cir.1992).

In *Pashova*, the Northern District Court of Indiana explained when protection under the Fourth Amendment ends and when protection under the Fourteenth Amendment begins. *Pashova*, 2012 WL 1074072, *6. In *Pashova*, a woman brought excessive force claims against various law enforcement defendants after she was tasered in a holding cell at the county jail. The woman had been arrested and jailed without a warrant and was still awaiting her initial (*Gerstein*) hearing when she was tasered. The woman's claims against the law enforcement defendants included a violation of her Fourteenth Amendment rights. The law enforcement defendants moved for summary judgment on the woman's Fourteenth Amendment claims and argued that her Fourth Amendment rights were properly invoked, not her Fourteenth Amendment rights. *Id.*

The *Pashova* court explained that "it [is] well-established that 'the protections of the Fourth Amendment apply at arrest and through the *Gerstein* probable cause hearing, due process principles govern a pretrial detainee's conditions of confinement after the judicial determination of probable cause, and the Eighth Amendment applies following conviction." *Id.* The court explained that because the woman's claims arose from an incident that occurred prior to her initial hearing, the Fourteenth Amendment was "inapplicable" and that the Fourth Amendment controlled. *Id.* Accordingly, the court dismissed the woman's Fourteenth Amendment claims. *Id.*

In the present case, Plaintiff's allegations of false arrest and excessive force stem from being assaulted and battered during his arrest. See *Complaint*, ¶10. Plaintiff's claims unequivocally arise solely from alleged wrongful conduct *during* his arrest. Plaintiff's status

6

within the criminal justice system at the time of the alleged constitutional violations was clearly within the pre-*Gerstein* hearing timeframe, thus implicating only the Fourth Amendment. *See Pashova*, 2012 WL 1074072, *6. Since protection afforded under the Fourteenth Amendment begins only *after* an initial hearing, and Plaintiff's allegations exclusively entail conduct that occurred *before* his initial hearing, Plaintiff has failed to state a claim upon which relief can be granted under the Fourteenth Amendment.

      C.      **All Claims Against The Police Officer Defendants, Made Against Them In Their Official Capacities Under 42 U.S.C. § 1983, Are Redundant and Must Be Dismissed.**

Plaintiff claims that the individual police officer defendants are liable, in their official capacities, for all deprivations. *Complaint*, ¶ 8. It is well-settled that a claim brought against a police officer in his official capacity is, in effect, a legal action against the city or county government by whom he is employed. *Kentucky v. Graham*, 473 U.S.159, 165 (1985); *Brandon v. Holt*, 469 U.S. 464 (1985); *Jones v. St. Joseph County Police Department*, 1999 W.L. 325039 (N.D. Ind.); *Crawford v. City of Muncie*, 655 N.E.2d 614 (Ind. Ct. App. 1995). Claims brought against officers and municipal employees, in their official capacities, are to be treated as legal action against the city or county government by whom they are employed. *Graham*, 473 U.S. at 165.

A local governmental unit is subject to suit under 42 U.S.C. § 1983 because it is deemed a "person" within the meaning of that provision. *Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658 (1978). However, courts should dismiss claims against individual officers and employees, acting in their official capacities, when a plaintiff has already named a proper defendant, such as the governmental entity itself. See *Garrett v. Dart*, 2010 WL 2136670 (N.D. Ill. 2010) ("Since Plaintiff has already brought suit against [the governmental entity], the official capacity claims

7

against Defendants [the individual officers] are dismissed as being redundant of Plaintiff's claim against [the governmental entity].")

Here, Plaintiff's Complaint explicitly alleges that the individual officers are being sued "in their individual and official capacities." *Complaint*, ¶ 8. These official capacity claims are tantamount to claims against the City. *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007) ("An official capacity suit is tantamount to a claim against the government entity itself.") and should be dismissed. See *Id.*; *Garrett*, 2010 WL 2136670. Since Plaintiff has already named the City as a defendant, his official capacity claims against the individual officers must be dismissed because they are redundant and improper.

### D. Plaintiff's Complaint Fails To Assert The Necessary Basis For Municipal Liability Under 42 U.S.C. § 1983.

Plaintiff's Complaint seeks to hold the City under 42 U.S.C. § 1983 for its (1) negligent hiring and retaining of the police officer defendants and (2) failure to properly train the officers in the proper use of reasonable force. *Complaint*, ¶¶ 1, 12-13. Admittedly, Rule 8 only "requires a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8*. "But to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Valdez v. Indiana State Prison*, 2012 WL 3921445, *1 (N.D. Ind.). "A plaintiff must provide more than abstract recitations of the elements of a cause of action or conclusory legal statements." *McGreal v. AT&T Corp.*, 2012 WL 4356683, *16 (N.D. Ill.) citing *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010).

Congress did not intend a local government to be held liable solely because it employs a tortfeasor. *Monell*, 436 U.S. at 691. When asserting a claim against a municipality under 42 U.S.C. §1983, a plaintiff must plead sufficient factual matter consistent with:

8

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law; or (3) an allegation that the constitutional injury was caused by a person with 'final policymaking authority.

*McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995); citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "**However, alleging merely 'boilerplate allegations of a municipal policy is grounds for dismissal under Rule 12(b)(6).**" *Banks v. Village of Bellwood*, 2011 WL 5509572 (N.D. Ill. 2011) quoting *McTigue*, 60 F.3d at 382-83. (emphasis added). "Failure to present a factual basis describing with any particularity the municipality's customs or policy vitiates a *Monell* claim." *Id.*, citing *Monell*, 436 U.S. at 694. "In considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "It is, therefore, 'not enough to give a threadbare recitation of the elements of a claim without factual support.'" *Tugle v. Stith*, 2011 WL 1627332 (S.D. Ill. 2011) quoting *Bissessur v. Indiana Univ. Bd. Of Trs.*, 581 F.3d 599, 603 (7th Cir.2009).

Here, Plaintiff's Complaint against the City for entity liability contains only "boilerplate allegations" and a formulaic recitation of the elements of an entity liability claim. As stated above, after identifying the parties, the only substantive factual assertions contained in the Complaint are:

> 10. That on March 3, 2011, at about 8:30 p.m., at 235 South West Street, Crown Point, Indiana, plaintiff Steven R. Ashcraft was stopped for an alleged traffic violation and that during such stop plaintiff was assaulted by the named defendant police officers of the Crown Point Police Department and caused personal injuries to the plaintiff.
>
> 11. That prior thereto plaintiff had back surgery from which such condition was further aggravated by the Crown Point Police Officers named herein.

Plaintiff's Complaint is completely devoid of any facts which give rise to an inference that

9

Plaintiff's alleged constitutional deprivations were caused by anything other than a *single incident*. There are no facts that give rise to an inference that (1) the City engages in a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law; (2) the alleged deprivations occurred as a result of a municipal policy; or (3) the alleged deprivations occurred at the hands of a municipal policymaker.  The only inference that can be drawn from Plaintiff's Complaint is that this was an isolated incident involving these particular officers as opposed to an express policy or a systemic departmental custom or practice.  The threadbare recitation of the *Monell* elements contained within rhetorical paragraphs 4, 5, 7, 9, 12, and 13 are not facts, but rather unsupported conclusory statements that must be disregarded by the Court.  See *Heartland Memorial Hosp., LLC v. McGuireWoods, LLP*, 2012 WL 3987325 at *3 (N.D. Ind.) ("…I don't need to accept threadbare legal conclusions supported by purely conclusory statements.  The first step in my analysis is to identify and disregard all allegations in the Complaint that are not entitled to the assumption of truth, especially including any legal conclusions.")

Two fairly recent decisions in the Northern District of Indiana have held that a plaintiff failed to state a *Monell* claim against a municipality under similar circumstances as presented in this particular case.  *Pam v. City of Michigan City, Ind.*, 2013 WL 1752494 (N.D. Ind. 2013); *Nevinger v. Town of Goodland, Ind.*, 2011 WL 2694662 (N.D. Ind. 2011).   In *Nevinger,* a plaintiff sued a town, a police department, the police chief (in his official and individual capacity), and a police officer (in his official and individual capacity) as a result of alleged damages sustained after a police pursuit.  *Id.* at *1.  The plaintiff's complaint included allegations that the wrongful conduct of the officer was "consistent with an institutionalized practice" and that the town and police chief had "knowledge of these institutionalized practices."  *Id.* at *4.   Plaintiff also alleged

that the town "failed to properly train" the officer and "failed to establish a bona fide system of dealing with complaints." *Id.* The defendants moved to dismiss the claims against the town, police department, and the officers in their official capacities. *Id.* The Court dismissed the claims against the town and officers in their official capacities despite the plaintiff's general allegations that the town had an "institutionalized practice" of violating citizens' constitutional rights and that the town leaders knew of such practices and did not take any steps to prevent officers from continuing to engage in the wrongful conduct. *Id.* at *5.

Explaining its ruling, the court stated that it "will dismiss a complaint when it rests solely on conclusory allegations and fails to allege any well pleaded facts of any occurrence or policy other than that incident involving the plaintiff." *Id*. at *3. The Court further explained that a "plaintiff may not simply track *Monell's* requirement of official policy or add *Monell* boilerplate allegations, and proceed to discovery in the hope of turning up some evidence to support the claims made." *Id*. The Court found that the plaintiff's allegations were the types of "boilerplate allegations" insufficient to survive a motion to dismiss. *Id.* at 5.

In *Pam*, a man filed suit against a city and police officer after being arrested. *Pam*, 2013 WL 1752494 at *1. The man alleged that the police officer grabbed him by the neck, shoved him through a plastic chair onto a concrete porch, then handcuffed him tightly. *Id.* In his complaint, the man made the following allegations against the city:

> 20. On information and belief, City engages in patterns and practices of arresting citizens without probable cause and using excessive force in making arrest. These practices by City's police department are pervasive to sufficiently be characterized as a custom of the City.
>
> 21. On information and belief, City policymakers have knowledge of the use of excessive force in effecting arrest and of citizens being arrested without probable cause and permit both practices to continue.

11

> 22. On information and belief, City fails to properly supervise its police officers by disciplining them for use of excessive force and making arrest without probable cause and by providing adequate training and supervision.
>
> * * *
>
> 27. The constitutional deprivation was caused by City's numerous areas of deliberate indifference as outlined in 1 through 23 above including:
>
>> a) a custom of condoning instances of police brutality without punishing its officers; and
>> b) a failure to have officers appropriately trained and supervised in the proper use of force.

*Id.* at *2. The city moved to dismiss the *Monell* claims because the man did not state any facts making a *Monell* claim plausible. *Id.* at *4. In response to the city's motion dismiss, the man argued that he pleaded all the requirements under *Monell*, and that through discovery, would establish that the police officer had a history of misconduct known to the city. *Id.* In response to the man's argument, the court stated that the man "does not have any facts to allege regarding [the officer's] history, but wishes to go on a fishing expedition in the hopes that he will find some facts to support his *Monell* theory of liability. This is exactly what is not permitted. Accordingly, the defendants' motion to dismiss will be granted." *Id.*

Here, like the generalized allegations made by the plaintiffs in *Nevinger and Pam*, rhetorical paragraphs 1, 5, 7, 9, 12, and 13 are vague, conclusory in nature, and are wholly unsupported by any actual facts. Moreover, the only substantive factual averments contained in the Complaint cannot possibly be interpreted as anything other than a single, isolated incident. See *Complaint*, ¶¶ 10-11. Plaintiff's Complaint contains the same type of *Monell* boilerplate allegations that the court in *Nevinger* and *Pam* found insufficient to state a proper claim. Plaintiff's Complaint contains only those facts that relate to a single incident and these facts do not support an inference that Plaintiff's rights were violated by a municipal policy, custom, or by the

decision of a municipal policymaker. Therefore, Plaintiff's claims against the City must be dismissed because he has failed to state any facts which make an entity liability claim plausible.

> **E.    Defendants Are Immune Under The Indiana Tort Claims Act For Claims Of Intentional Infliction of Emotional Distress.**

Plaintiff's Complaint makes a state law claim for intentional infliction of emotional distress ("IIED"). *Complaint*, ¶ 2. Plaintiff's IIED claim must be dismissed because Defendants enjoy immunity for IIED claims under Ind. Code § 34-13-3-3(8) of the ITCA. *Serino v. Hensley*, 2012 WL 6025751 (N.D. Ind.); *Snider v. Pekny*, 2012 WL 1881281 (N.D. Ind.).

The Indiana Tort Claims Act provides immunity to employees of municipal agencies, acting within the scope of their employment, for "[t]he adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment." I.C. § 34-13-3-3(8). "[T]o receive immunity under this section of the ITCA, a defendant must: (1) be engaged in the enforcement of a law; and (2) act within the scope of employment." *Parish v. City of Elkhart*, 2010 WL 4054271 (N.D. Ind.). The law enforcement immunity applies even to situations where the employee acted contrary to law. *Id.* Additionally, it provides immunity for all torts not expressly excepted by the legislature. See *Id.*, at *3 ("Common law 'add-on' torts, such as IIED, are not exceptions to the law enforcement immunity under the ITCA.").

In *Parish*, the plaintiff alleged that – as a result of being falsely implicated in a shooting and being falsely imprisoned – he suffered emotional distress. Just like the Plaintiff here, Parish brought a claim for IIED against the municipality. The municipality moved to dismiss the IIED claim based on the law enforcement immunity of the ITCA. *Id.* The court dismissed plaintiff's IIED claim holding that the law enforcement immunity applied to common-law add-on torts such as IIED. *Id.*

13

Here, the only reasonable inference to be drawn from the Complaint is that the police officers were engaged in the enforcement of the law and were acting within the scope of their employment – they had conducted a traffic stop and were arresting the Plaintiff. Whether Plaintiff's arrest had merit or was subsequently found to be without probable cause is immaterial to the law enforcement immunity provision. Therefore, Plaintiff's IIED claim must be dismissed pursuant to the law enforcement immunity provision of the ITCA. *See Parish*, 2010 WL 4054271, at *3.

### F. Plaintiff's State Law Claims Against The Individual Police Officer Defendants Are Barred Pursuant To The Indiana Tort Claims Act.

Plaintiff is barred from bringing state law claims against the officers in their individual capacities under Ind. Code § 34-13-3-5(b) and (c) of the Indiana Tort Claims Act ("ITCA") for actions taken as part of their government job. Under Indiana law, a lawsuit may not be brought against a government employee personally if the complaint, on its face, alleges that the action leading to the claim occurred within the scope of employment. *Cantrell v. Morris*, 849 N.E.2d 488, 497 (Ind. 2006); *Bushong v. Williamson*, 790 N.E.2d 467, 471 (Ind. 2003). "A lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally." Ind. Code § 34-13-3-5(b). Furthermore, "[w]hen the employee's conduct is of the same general nature as that authorized, or incidental to the conduct authorized, it is within the scope of employment." *Smith v. Indiana Dept. of Correction*, 871 N.E.2d 975, 986 (Ind. Ct. App. 2007); see also *Bushong*, 790 N.E.2d at 473. An employee is acting within the scope of his employment when he is acting, at least in part, to further the interests of his employer. *Konkle v. Henson*, 672 N.E.2d 450, 456 (Ind. Ct. App. 1996); *Doe v. Lafayette Sch. Corp.*, 846 N.E.2d 691, 701 (Ind. App. 2006); *Gomez v. Adams*, 462 N.E.2d 212, 223 (Ind. Ct. App. 1984). Willful and wanton acts can be within the scope of employment.

14

*Bushong*, 790 N.E.2d at 473; *Higgason v. State*, 789 N.E.2d 22, 30 (Ind. Ct. App. 2003). Even the commission of an intentional criminal act may be within the scope of employment if "the criminal acts originated in activity so closely associated with the employment relationship as to fall within its scope." *Higgason*, 789 N.E.2d at 30, quoting *Kemezy v. Peters*, 622 N.E.2d 1296, 1298 (Ind. 1993). Furthermore, a plaintiff's "complaint must contain a reasonable factual basis supporting the allegations" of any criminal, malicious, willful or wanton actions by the individual. I.C. § 34-13-3-5(c).

Here, Plaintiff's Complaint fails to allege facts that would provide an exception to the rule that there is no individual liability under state law. Here, Plaintiff alleges that the officers were acting in their capacity as police officers for Crown Point and under color of law at all times. (Complaint ¶¶4-5) The alleged actions of the individual officers clearly do not give rise to a claim that their conduct was outside the scope of their employment. Thus, Plaintiff's claims that the individual officers are personally liable under state law must be dismissed.

### III.     CONCLUSION

For the forgoing reasons, pursuant to Rule 12(b)(6), the Court should dismiss the above mentioned claims.

Respectfully submitted,

**COOTS, HENKE & WHEELER, P.C.**

/s/ Matthew L. Hinkle
Matthew L. Hinkle, #19396-29
John V. Maurovich, #28672-29
*Attorneys for Defendants*

15

**CERTIFICATE OF SERVICE**

   I hereby certify that on **April 26, 2013**, a copy of the foregoing **Brief in Support of Defendants' Motion for Partial Dismissal** was filed electronically.  Notice of this filing will be sent to the following parties by operations of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Lonnie M. Randolph
**LAW OFFICES OF LONNIE M. RANDOLPH**
attyrandolph@aol.com

                 /s/ Matthew L. Hinkle
                 Matthew L. Hinkle, #19396-29
                 John V. Maurovich, #28672-29

**COOTS, HENKE & WHEELER, P.C.**
255 East Carmel Drive
Carmel, IN 46032
(317) 844-4693 - Telephone
(317) 573-5385 - Facsimile
Email: mhinkle@chwlaw.com
    jmaurovich@chwlaw.com