UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STEVEN ASHCRAFT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:13-CV-080 JD |
| ) | |
| CITY OF CROWN POINT, INDIANA et al., ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

This is an action against the City of Crown Point, Indiana, its police department, and four of its police officers, arising out of an alleged assault that occurred during a traffic stop. The plaintiff, Steven Ashcraft, asserts claims for violations of his rights under the United States Constitution in addition to common law causes of action under state law [DE 1]. The Defendants have moved to dismiss all claims except for Plaintiff's claims against the officers in their individual capacities under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights, and Plaintiff's state law claims for false arrest, false imprisonment, assault, and battery against the City of Crown Point [DE 9]. This motion has been fully briefed [DE 10, 18, 19, 22]. For the following reasons, Defendants' motion is GRANTED.

**I. BACKGROUND**

The Plaintiff, Mr. Ashcraft, is a citizen of Indiana. [DE 1 ¶ 3]. On March 3, 2011, at approximately 8:30 p.m. at 235 South West Street in Crown Point, Indiana, Mr. Ashcraft was stopped for an alleged traffic violation by the four police officer defendants, identified as J. McCowan, D. Wilkins, Sgt. Meece, and R. Olson (the "Officer Defendants"). [DE 1 ¶¶ 4, 10]. Mr. Ashcraft alleges that he was assaulted by those officers during the traffic stop, causing him

to sustain physical injuries. [DE 1 ¶ 10]. Specifically, Mr. Ashcraft had previously undergone back surgery, and the alleged assault aggravated that condition. [DE 1 ¶ 11].

Mr. Ashcraft alleges that the officers were "acting under the direction and control of the City of Crown Point" and that they were "acting pursuant to either official policy or the custom, practice and usage of the City of Crown Point and its police department." [DE 1 ¶ 4]. He further alleges that the City of Crown Point "was negligent in hiring and retaining said officers when it knew or should have known of said aggressive tendencies," and that "the City of Crown Point and its police department failed to properly train the defendant officers named herein in the proper use of reasonable force." [DE 1 ¶¶ 12, 13].

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint when it fails to set forth a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must decide whether the complaint satisfies the "notice-pleading" standard. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). The notice-pleading standard requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to provide "fair notice" of the claim and its basis. *Id*. (citing Fed. R. Civ. P. 8(a)(2)); *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (internal citations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). In determining the sufficiency of a claim, the Court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010) (internal citations omitted).

The Supreme Court has adopted a two-pronged approach when considering a Rule 12(b)(6) motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). First, pleadings consisting of no more than mere conclusions are not entitled to the assumption of truth. *Id*. This includes legal conclusions couched as factual allegations, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). Second, if well-pleaded factual allegations are present in the complaint, courts should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Maddox*, 655 F.3d at 718 (internal citations omitted). A plaintiff's claim, however, need only be plausible, not probable. *Indep. Trust Corp.*, 665 F.3d at 934 (quoting *Twombly*, 550 U.S. at 556). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id*. In order to satisfy the plausibility standard, a plaintiff's complaint must supply "enough facts to raise a reasonable expectation that discovery will yield evidence supporting the plaintiff's allegations." *Twombly*, 550 U.S. at 556.

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted). Factual allegations, however, "that are merely

3

consistent with a defendant's liability . . . stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678.

## III. DISCUSSION

Though the complaint does not separate Mr. Ashcraft's claims into discrete counts (which it need not do), the Court construes Mr. Ashcraft's claims as follows. First, claims against the Officer Defendants in their individual capacities pursuant to 42 U.S.C. § 1983 for violations of Mr. Ashcraft's rights under the Fourth and Fourteenth Amendments. Second, claims against the City of Crown Point, its police department, and the Officer Defendants in their official capacities, under § 1983 for the same violations of Mr. Ashcraft's constitutional rights. As a basis for municipal liability as to these claims, Mr. Ashcraft alleges that the City of Crown Point and its police department acted through their final policymakers, that the officers acted pursuant to either an official policy or the custom, practice, and usage of the City, that the City was negligent in hiring and retaining the officers, and that the City failed to properly train the officers. Third, the plaintiff asserts claims arising under state law against the City of Crown Point, its police department, and each of the officers for assault, battery, false arrest, false imprisonment, and intentional infliction of emotional distress. The Defendants have moved to dismiss all claims except for the § 1983 claim against the officers in their individual capacities for violation of Mr. Ashcraft's Fourth Amendment rights, and the state law claims for false arrest, false imprisonment, assault, and battery against the City of Crown Point.

As an initial matter, Defendants are correct that all claims against the City of Crown Point Police Department must be dismissed because it is not a suable entity. In Indiana, municipal police departments "are not suable entities." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Indiana law permits "municipal corporations" to "sue and be sued."

4

Ind. Code § 36-1-2-10. A "municipal corporation" is defined as a "unit . . . or other separate local governmental entity." *Id.* "'Unit' means county, municipality, or township," and "'Municipality' means city or town." Ind. Code §§ 36-1-2-11, -23. "Thus, the Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued." *Sow*, 636 F.3d at 300. This same analysis applies to the police department's liability under § 1983, under which local government liability "is dependent on an analysis of state law." *McMillian v. Monroe Cnty.*, 520 U.S. 781, 786 (1997). Plaintiff's argument that the department can be sued because it does not have absolute immunity is misplaced since immunity is immaterial if the department cannot be sued in the first place. Therefore, although the City of Crown Police Department is a department of an entity that can be sued, it is not itself a suable entity and must be dismissed from this action.

**A.      Section 1983 Claims against the Officers in their Individual Capacities**

Mr. Ashcraft alleges that the Officer Defendants are liable in their individual capacities under 42 U.S.C. § 1983 on account of their use of constitutionally excessive force during the traffic stop in question. Section 1983 provides a cause of action against persons who deprive individuals of their constitutional rights while acting under color of state law. 42 U.S.C. § 1983. The Officer Defendants do not challenge the sufficiency of Plaintiff's allegation that they acted under color of state law, but take issue with the source of the rights Mr. Ashcraft alleges they have violated. Because § 1983 "is not itself a source of substantive rights," *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979), "[i]n addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force," *Graham v. Connor*, 490 U.S. 386, 394 (1989). The complaint states that the action is brought pursuant to the Fourth and Fourteenth Amendments. Though

5

Defendants concede that the complaint sufficiently pleads an action for violation of Plaintiff's Fourth Amendment rights, they seek to dismiss any claim for a violation of Mr. Ashcraft's Fourteenth Amendment rights.

The Fourth Amendment protects the "right of the people to be secure in their persons . . . against unreasonable searches and seizures." U.S. Const. amend. IV. The Fourteenth Amendment states that "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. A plaintiff's status within the criminal justice system at the time an alleged excessive force is applied determines which of these provisions is the source of the plaintiff's rights. *See Graham*, 490 U.S. at 395. The Supreme Court has held that "*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Id.* The Fourteenth Amendment's protection against excessive force, meanwhile, does not apply until the initial judicial determination of probable cause for an individual's arrest. *Lopez v. City of Chicago*, 464 F.3d 711, 718 (7th Cir. 2006) ("Our cases thus establish that the protections of the Fourth Amendment apply at arrest and through the *Gerstein* probable cause hearing, due process principles govern a pretrial detainee's conditions of confinement after the judicial determination of probable cause, and the Eighth Amendment applies following conviction."). The distinction is relevant because different standards apply in analyzing claims under the respective provisions.

Here, the complaint clearly alleges that the officers' use of excessive force occurred "in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen." *Graham*, 490 U.S. at 395. Specifically, Mr. Ashcraft was the subject of a traffic stop, and the allegedly excessive

6

force occurred during the course of that stop and his resulting arrest. [DE 1 ¶¶ 1, 10]. Therefore, Mr. Ashcraft's claim for excessive force arises under the Fourth Amendment. Thus, to the extent the complaint's reference to the Fourteenth Amendment intends to assert a claim under that amendment (rather than simply to note that Mr. Ashcraft's claim is under the Fourth Amendment as incorporated against the states through the Fourteenth Amendment, *Mapp v. Ohio*, 367 U.S. 643, 655 (1961), which may be the case), that claim is dismissed. Mr. Ashcraft may proceed on his Fourth Amendment claims, however.

**B.     Section 1983 Municipal Liability and Official Capacity Claims**

Defendants also move to dismiss all claims under § 1983 against the City of Crown Point and the Officer Defendants in their official capacities. First, as to the Officer Defendants, Defendants seek dismissal on the basis that these claims are duplicative of the claims against the City. The Supreme Court has noted that "[o]fficial capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Thus, "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* Because official-capacity claims are therefore redundant to claims asserted against a municipality on the same grounds, dismissal of official-capacity claims is appropriate once a municipality has been named as a defendant and appeared in an action. *Schmidling v. City of Chicago*. 1 F.3d 494, 495 n.1 (7th Cir. 1993) ("The district court properly dismissed Mayor Daley, sued in his official capacity, as a party to this action. A lawsuit against Mayor Daley in his official capacity is the same as a lawsuit against the City of Chicago."); *Magee v. Hous. Auth.*, No. 3:09-cv-337, 2010 WL 3000660, at *4 (N.D. Ind. July 28, 2010); *Stevens v. Hous*.

*Auth.*, 720 F. Supp. 2d 1013, 1022 (N.D. Ind. 2010); *see also* Fed. R. Civ. P. 12(f) (permitting a court to "strike from a pleading . . . any redundant . . . matter"). The City of Crown Point is a defendant and has appeared in this action, so the claims against the Officer Defendants in their official capacities are accordingly dismissed.

As to the claims against the City of Crown Point, the Defendants seek dismissal on the basis that the complaint fails to allege plausible grounds for municipal liability under § 1983. Section 1983 does not impose liability a municipality "*solely* because it employs a tortfeasor." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Rather, to proceed with an action against a municipality based on a constitutional violation committed by its agents, a plaintiff must plead:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995) (internal quotations omitted). Though Plaintiff has pled formulaic and conclusory allegations under each of these three alternative methods of establishing municipal liability, his claims fail because he has not alleged any facts whatsoever to support these bare legal conclusions. "Although Fed. R. Civ. P. 8 does not require detailed factual pleading, a plaintiff's assertions must still direct the defendant to the factual cause of the plaintiff's alleged injury. Boilerplate allegations of a municipal policy, entirely lacking in any factual support that a [municipal] policy does exist, are insufficient." *Id.* at 382–83 (internal quotation omitted) (alteration in original).

The complaint first alleges that the officers acted "pursuant to . . . official policy . . . of the City of Crown Point and its police department." [DE 1 ¶¶ 1, 4, 5]. However, the complaint does not further identify what the "official policy" was or how it caused a violation of Mr.

Ashcraft's rights, and therefore deprives the defendants of the notice to which Rule 8 entitles them. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) (holding that while no heightened pleading standard applies to *Monell* claims, the complaint must still "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests"). The complaint further alleges that the officers acted "pursuant to . . . the custom, practice and usage of the City of Crown Point," [DE 1 ¶ 1, 4, 5], but again provides no indication of what that custom, practice, and usage was, how it was related to the officers' conduct, or how it violated Mr. Horvath's rights. Neither do the sparse details of the incident in question permit a reasonable inference that any such unofficial policy exists or caused the alleged violations. This is insufficient to state a claim for which relief can be granted. *See McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th Cir. 2011) (stating that "[i]n order to state a facially plausible . . . claim under *Monell*, the factual allegations in McCauley's complaint must allow us to draw the reasonable inference that the City established a policy or practice" that caused the constitutional deprivation).

Plaintiff also offers conclusory allegations that the City "was negligent in hiring and retaining said officers when it knew or should have known of said aggressive tendencies," and that the City "failed to properly train the defendant officers named herein in the proper use of reasonable force." [DE 1 ¶¶ 12, 13]. Though a complaint need only "give enough details about the subject-matter of the case to present a story that holds together," *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010), no such details are present here, so these allegations are inadequate as well. *See McGreal v. AT&T Corp.*, 892 F. Supp. 2d 996, 1018 (N.D. Ill. 2012) (dismissing claims based on bare allegations of unnamed policies and a failure to train). Finally, the complaint alleges that "the policy makers of the City of Crown Point were deliberately

9

indifferent to the rights of the inhabitants of the City of Crown Point," and that "the City acted through its agents, employees and servants who were the policymakers for the city's police department." [DE 1 ¶¶ 1, 7]. However, the complaint does not identify any individuals who the City acted through except for the officers, and Plaintiff has offered no basis on which the officers themselves could be considered official policymakers for the City, so these allegations are fruitless as well.

In short, the complaint's allegations of municipal liability are no more than "a formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, and the sparse facts alleged in the complaint do not raise Plaintiff's right to relief under these claims past the speculative level. Plaintiff's claims against the City of Crown Point under section 1983 must therefore be dismissed, though without prejudice to Plaintiff seeking leave to amend the complaint so as to sufficiently allege these claims.

**C.     State Law Claims**

Plaintiff finally alleges several common law claims under Indiana law, including assault, battery, false arrest, false imprisonment, and intentional infliction of emotional distress. However, Defendants argue first that the intentional infliction of emotional distress claims must be dismissed as to all defendants, and second, that all claims against the Officer Defendants must be dismissed, thus leaving only the assault, battery, false arrest, and false imprisonment claims against the City. As to the claim for intentional infliction of emotional distress, the Indiana Tort Claims Act states, "A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from . . . [t]he adoption and enforcement of . . . a law (including rules and regulations) . . . unless the act of enforcement constitutes false arrest or false imprisonment." Ind. Code § 34-13-3-3(8). "[T]o receive immunity under this

section of the [Tort Claims Act], a defendant must: (1) be engaged in the enforcement of a law; and (2) act within the scope of employment." *Parish v. City of Elkhart*, No. 3:07-cv-452, 2010 WL 4054271, at *2 (N.D. Ind. Oct. 15, 2010).

The Indiana Supreme Court has recognized exceptions to this immunity only where other statutes impose affirmative obligations or limitations on law enforcement. *E.g.*, *Wilson v. Isaacs*, 929 N.E.2d 200, 203–04 (Ind. 2010) (holding that the Tort Claims Act does not immunize governments from liability for excessive force by police, thus permitting actions for assault and battery, since Indiana statutes permit the use of force only to the extent necessary to effect a lawful arrest); *Patrick v. Miresso*, 848 N.E.2d 1083 (Ind. 2006) (holding that the Act did not immunize an officer's negligent operation of a police vehicle where the officer had a statutory duty to operate emergency vehicles with due regard for the safety of all persons). Plaintiff has identified no statutory provision that would exclude a claim for intentional infliction of emotional distress from the Tort Claims Act, and other courts applying Indiana law have specifically dismissed such claims based on the Act. *Serino v. Hensley*, No. 3:12-cv-40, 2012 WL 6025751, at *7 (S.D. Ind. Dec. 4, 2012) (collecting cases); *Parish*, 2010 WL 4054271, at *4 (concluding that "[c]ommon law 'add-on' torts, such as [intentional infliction of emotional distress], are not exceptions to the law enforcement immunity under the [Tort Claims Act]"); *City of Anderson v. Weatherford*, 714 N.E.2d 181, 185–86 (Ind. Ct. App. 1999). Because Plaintiff's complaint specifically alleges that the defendants were engaged in the enforcement of law, namely conducting a stop for a traffic violation, and that they acted within the scope of their employment, the Indiana Tort Claims Act immunizes them from liability for intentional infliction of emotional distress, and that claim is accordingly dismissed.

As to the claims against the Officer Defendants individually, the Tort Claims Act states, "A lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally." Ind. Code § 34-13-3-5(b). The Indiana Supreme Court has construed this provision as meaning that "a plaintiff may not now sue a governmental employee personally if the complaint, on its face, alleges that the employee's acts leading to the claim occurred within the scope of employment." Thus, where a plaintiff alleges that an employee acted within the scope of employment, this provision "provides an immediate and early indication that the employee is not personally liable. In the paraphrased words of the statute, the action against the employee is 'bar[red].'" *Bushong v. Williamson*, 790 N.E.2d 467, 472 (Ind. 2003) (alteration in original). The court therefore noted that "if the complaint alleges that a government employee acted within the scope of employment, then a motion to dismiss under Trial Rule 12(B)(6) [Indiana's analogue to Federal Rule of Civil Procedure 12(b)(6)] would be the appropriate course of action." *Id.* at 472 n.4.

The complaint here does exactly that. Specifically, it alleges that "at all times referred to herein, defendants acted . . . pursuant to their authority as police officers" of the City of Crown Point Police Department. [DE 1 ¶ 9]. The complaint further alleges that the Officer Defendants "were police officers of the City of Crown Point Police Department and [were] acting in such capacity as agents, servants, and employees of the City of Crown Point and its Police Department and [were] acting under the direction and control of the City of Crown Point and its police department and [were] acting pursuant to either official policy or the custom, practice and usage of the City of Crown Point and its police department." [DE 1 ¶ 4, 5]. These allegations therefore bring the Officer Defendants within the immunity provided by the Tort Claims Act, so Plaintiff's state law claims against those defendants must be dismissed. *See McAllister v. Town*

12

*of Burns Harbor*, 693 F. Supp. 2d 815, 822–23 (N.D. Ind. 2010); *Lessley v. City of Madison*, 654 F. Supp. 2d 877, 902 (S.D. Ind. 2009)

Despite these express allegations, Plaintiff argues in his opposition to the motion to dismiss that the officers were not in fact acting within the scope of their employment. However, even assuming that Plaintiff intended to plead in the alternative, which he has not himself indicated, the complaint is devoid of any allegations suggesting that the officers acted outside the scope of their employment. The Indiana Tort Claims Act states:

> A lawsuit filed against an employee personally must allege that an act or omission of the employee that causes a loss is: (1) criminal; (2) clearly outside the scope of the employee's employment; (3) malicious; (4) willful and wanton; or (5) calculated to benefit the employee personally. The complaint must contain a reasonable factual basis supporting the allegations.

Ind. Code § 34-13-3-5(c). However, the only fact pled in the complaint that Plaintiff cites as relevant to these factors was that Mr. Ashcraft "was assaulted by the named defendant police officers" during a traffic stop. [DE 1 ¶ 10]. The complaint does not even indicate what transpired to constitute an assault, which is itself a legal conclusion. Thus, the complaint falls well short of permitting a plausible inference that the officers' acts were criminal, clearly outside the scope of their employment, malicious, willful and wanton, or calculated to benefit them personally. *Ball v. City of Indianapolis*, No. 1:12-cv-179, 2013 WL 1221936, at *3 (S.D. Ind. Mar. 25, 2013) (holding that where the complaint alleged that the officer "acted pursuant to his official position" in committing the alleged torts, even conclusory allegations that the acts occurred "intentionally," "willfully," "with malice," and "in bad faith" failed to state a claim against the officer personally); *Smith v. Ind. Dep't of Corr.*, 871 N.E.2d 975, 986 (Ind. Ct. App. 2007) (dismissing claims against officers where the facts in the complaint were insufficient to suggest that the officers acted outside the scope of their employment); *Higgason v. Indiana*, 789 N.E.2d

22, 30–31 (Ind. Ct. App. 2003) (affirming the dismissal of claims against an officer where the complaint did not suggest criminal or malicious conduct).

Plaintiff argues that the officers' acts were criminal because Mr. Horvath was "assaulted," but there is no crime of "assault" in Indiana, *see* Ind. Code § 35-1-1-1 *et seq.*; *Halligan v. Indiana*, 375 N.E.2d 1151, 1158 n.6 (Ind. Ct. App. 1978) (noting that "there is no crime of assault" under the Indiana Penal Code), and without any supporting facts as to what constituted the alleged assault, the allegations in the complaint do not plausibly state any criminal activity. Since Plaintiff has expressly alleged that the officers acted in the scope of their employment, and because no facts in the complaint would plausibly give rise to a contrary conclusion, Plaintiff's state law claims against the Officer Defendants must be dismissed. *Bushong*, 790 N.E.2d at 471; *see Maddox*, 655 F.3d at 718 (stating that a complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level").

## IV. CONCLUSION

For the aforementioned reasons, Defendants' motion to dismiss [DE 9] is GRANTED. All claims against the City of Crown Point Police Department are DISMISSED WITH PREJUDICE. Plaintiff's Fourteenth Amendment claims under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE as to all defendants. As to the City of Crown Point, Plaintiff's Fourth Amendment claims under § 1983 are DISMISSED WITHOUT PREJUDICE, while his claim for intentional infliction of emotional distress is DISMISSED WITH PREJUDICE. As to Defendants McCowan, Wilkins, Meece, and Oslon in their official capacities, Plaintiff's § 1983 claims are DISMISSED WITH PREJUDICE. As to those defendants individually, Plaintiff's claims under state law are DISMISSED WITHOUT PREJUDICE. Plaintiff may proceed on his

14

claims under 42 U.S.C. § 1983 against Defendants McCowan, Wilkins, Meece, and Oslon in their individual capacities for violation of his Fourth Amendment rights, on his claims against the City of Crown Point for false arrest, false imprisonment, assault, and battery, and may also seek leave to amend his complaint as to claims that have been dismissed without prejudice.

SO ORDERED.

ENTERED:   November 5, 2013

                                                    /s/ JON E. DEGUILIO
                                            Judge
                                            United States District Court